NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JOSEPH RODRIGUEZ,** | : | |
| | : | Civil Action No. 18-4431 (JLL) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| **STUART RABNER[1], et al.,** | : | |
| | : | |
| Respondents. | : | |

**LINARES**, Chief District Judge:

Presently before the Court is the filing of *pro se* Petitioner Joseph Rodriguez, which this Court construes as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 challenging Petitioner's robbery convictions entered in 2000. (ECF No. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and Rule 4 of the Rules Governing Section 2255 Proceedings, this Court is required to screen the habeas aspects of Petitioner's petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." Likewise, because Petitioner's filing also includes allegations of ethics violations brought pursuant to Local Civil Rule 104.1(e), this Court is required to determine whether those allegations warrant investigation or should be rejected as frivolous. For the reasons set forth below, this Court will deny Petitioner's request to investigate alleged ethics violations, and will dismiss Petitioner's habeas

---

[1] Petitioner misspelled the name of Respondent, Stuart Rabner, in his petition. As it is clear from the petition that he is referring to the former First Assistant United States Attorney who now serves as the Chief Justice of the New Jersey Supreme Court, this Court uses the correct spelling of Respondent's name in this matter.

claims for lack of jurisdiction.

## I. BACKGROUND

The Third Circuit recently summarized the background of Petitioner's current incarceration as follows in its opinion affirming the dismissal of Petitioner's previous § 2241 petition in the Middle District of Pennsylvania as follows:

> Petitioners [Joseph Rodriguez and his brother Charles] robbed banks in July 1997 and May 1998; in September 1998, they attempted to rob an armored car but were apprehended. In 1999, a jury in the United States District Court for the Middle District of Pennsylvania found the Petitioners guilty of numerous offenses, including three counts of aiding and abetting the use of firearms during a violent crime. 18 U.S.C. §§ 2 and 924(c)(1). They were sentenced to life imprisonment. We affirmed their convictions and sentences on direct appeal. *United States v. Rodriguez*, 54 Fed. App'x 739, 753 (2002). The petitioners next filed motions under 28 U.S.C. § 2255. The United States District Court for the District of New Jersey denied those motions, and we denied the Petitioners' request for certificates of appealability.
>
> In June 2014, the Petitioners filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania.... The District Court dismissed the § 2241 petition for lack of jurisdiction, holding that the Petitioners failed to demonstrate that the remedy provided under § 2255 was inadequate or ineffective to test the legality of their detention. The Petitioners filed a timely motion for reconsideration under Rule 59(e), which the District Court denied. The Petitioners filed separate notices of appeal....

*Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 111–12 (3d Cir. 2016). The Third Circuit thereafter affirmed the dismissal of Petitioner's habeas petition, finding that the Middle District of Pennsylvania lacked jurisdiction as Petitioner was required to bring his claims through a § 2255 motion in the district of his sentencing. *Id.* at 112.

Petitioner thereafter filed his current petition in this Court on or about March 27, 2018. (ECF No. 1). In his complaint, Petitioner purports to raise ethics violations charges against two then members of the United States Attorney's Office for actions which occurred in the course of Petitioner's prosecution involving a confidential informant and an FBI agent. (ECF No. 1 at 4). Petitioner suggests these actions somehow deprived him of the testimony of a "key witness" and obstructed access to certain evidence allegedly absolving Petitioner of guilt. (ECF No. 1 at 4). Petitioner provides very few details in his complaint as to what misdeeds he believes were committed, but it appears that all of the acts in question were committed by either the informant or the FBI agent, and Petitioner provides no facts regarding the two attorneys he seeks to have sanctioned other than to note that one, Respondent Howard Wiener, may have made a snide comment to him at sentencing to the effect that Petitioner would not have been convicted if he were not so fond of wearing the same clothes during the robberies. (ECF No. 1 at 4–5). Although Petitioner calls his current filing an ethics complaint and requests the two attorneys be disbarred, he also seeks to use his claim to create "REASONABLE DOUBT" and to secure for himself "a new trial . . . [f]or the fundamental miscarriage of justice" he alleges. (*Id.* at 5). Because Petitioner is therefore challenging his conviction and sentence, this Court construes his filing to also be an attempt at filing a habeas petition in this Court.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

3

2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## B. Analysis

*1. Petitioner's Ethics Violations Claims*

In his petition, Petitioner asks that the Court cite Chief Justice Rabner and Mr. Wiener for various vaguely described ethics violations and subject them to disbarment. This Court's authority to conduct disciplinary actions is limited:

> A disciplinary proceeding may be conducted by this Court only under the powers articulated in the preamble of Local Civil Rule 104.1, which provides, in relevant part, that "[t]he Court, in furtherance of its inherent power and responsibility to supervise the *conduct of attorneys who are admitted to practice before it* or admitted for the purpose of a particular proceeding[.]" L. Civ. R. 104.1 (emphasis supplied). Therefore, any grievance about ethics (or lack thereof) of a person who is not an attorney admitted to practice in this District automatically falls outside this Court's jurisdiction. *See id.* Consequently, [allegations about the alleged misconduct of non-attorneys related to a criminal case] cannot operate as a basis for any disciplinary proceeding in this District[.]

*In re Telfair*, 745 F. Supp. 2d 536, 558 (D.N.J. 2010), *aff'd in part, rev'd in part sub nom, Telfair v. Office of U.S. Att'y*, 443 F. App'x 674 (3d Cir. 2011) (affirming dismissal of ethics violations allegations, but vacating and remanding for further proceedings as to the Court's order restricting the future filing rights of the petitioner). Thus, where alleged ethics violations were not

4

committed by the attorneys in question, but were instead the actions of non-admitted, non-attorney actors, this Court has no jurisdiction to address those allegations.

In his petition, Petitioner alleges that a confidential informant and his FBI Agent handler "move[d]" a "key" witness, the informant's girlfriend, prior to trial, that Petitioner did not receive "discovery" in the form of tips given to a "crime stoppers" TV segment regarding a van that may have been used in the robberies being taken to a "chop shop" by unnamed individuals, and a quip made by Respondent Wiener regarding Petitioner's wearing of the same clothes during his robberies. (ECF No. 1 at 4–5). As to the first claim, Petitioner does not connect either of the two attorneys to the alleged "moving" of the informant's girlfriend, and those actions are thus not subject to this Court's disciplinary jurisdiction as that claim concerns only the actions of the informant and an FBI agent. *Telfair*, 745 F. Supp. 2d at 558. As to the "crime stoppers" tip allegation, Petitioner provides little information other than the fact that one witness identified a grey van as being used in the robbery, and when this was mentioned on a TV "crime stoppers" segment, some callers "offered the name of two individuals that took [the] van to [a] 'chop shop.'" (ECF No. 1 at 4). Although Petitioner asserts that this tip somehow shows an obstruction of his access to evidence, he does not show how this is the case. He does not provide the Court with any evidence of this "chop shop" tip, nor even allege that the two attorneys in question had access to these tips that were apparently made to a TV station. As Petitioner has not connected this allegation to the attorneys in question and has provided nothing more than an unsupported allegation, the Court does not find that this allegation is sufficient to warrant a full ethics investigation twenty years after the fact. Likewise, Petitioner's final allegation as to the snide remark allegedly made by Mr. Wiener, that remark may have been in poor taste, but it does not

5

amount to an ethics violation sufficient to warrant this Court ordering an investigation. Petitioner's ethics violation allegations, brought two decades after the events in question, are thus inadequate to warrant exercise of this Court's disciplinary authority. Petitioner's disciplinary action request is therefore denied.

2. **Petitioner's Habeas Claims**

Petitioner also seeks to use his ethics violation allegations as a basis for overturning his conviction and sentence. (ECF No. 1 at 5). As the Third Circuit explained to Petitioner in affirming the dismissal of his previous attempt at filing a habeas petition,

> [g]enerally, a motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under § 2241 in the district of confinement if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see In re Dorsainvil*, 119 F.3d 245, 249–51 (3d Cir. 1997). But we have applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. *Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

*Rodriguez*, 645 F. App'x at 112.

As the Third Circuit has also explained, the § 2255 remedy is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002); *see also Okereke*, 307 F.3d at 120 (quoting *Dorsainvil*, 119 F.3d at 251). "It is the inefficacy of the remedy, not the personal

6

inability to use it, that is determinative." *Cradle*, 290 F.3d at 538. Section 2255(e)'s safety-valve clause "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539.

In his current petition, Petitioner seeks to challenge his conviction and sentence and requests a new trial. His claims must be brought pursuant to 28 U.S.C. § 2255, absent the application of the safety valve. As the Third Circuit noted in denying his previous habeas petition, Petitioner has already filed a § 2255 motion, which this Court denied on the merits. *Rodriguez*, 645 F. App'x at 111. Thus, to the extent that Petitioner's current petition could be construed as a § 2255 motion, it is a second or successive § 2255 motion brought without leave of the Court of Appeals. *See* 28 U.S.C. § 2255(h); *United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). Where a petitioner files a second or successive motion without first acquiring leave from the Court of Appeals, this Court is without jurisdiction to review the motion. *Hawkins*, 614 F. App'x at 582; *Robison*, 313 F.3d at 139. Because Petitioner's current claims, to the extent they must be brought pursuant to § 2255, represent a second motion brought without leave, this Court is without jurisdiction to hear them and must dismiss them.

Petitioner thus could only raise his current claims without leave of the Court of Appeals if his claims meet the requirements of the safety valve provision. Petitioner's claims do not meet that high bar. Petitioner attempts to raise a type of *Brady* violation, a claim which can and should be brought pursuant to § 2255. Nothing in Petitioner's current petition shows that he is challenging his conviction because it has been rendered non-criminal, and Petitioner has had ample opportunity to present his claims before. The only thing preventing him from raising such claims

7

pursuant to § 2255 are the procedural hurdles applicable to all such motions – the bar on second or successive motions and the statute of limitations. Petitioner has thus not shown that the § 2255 remedy is inadequate, and he therefore does not meet the safety valve. He thus cannot use § 2241 to raise these claims notwithstanding his inability to meet the procedural requirements of § 2255.

Even were Petitioner able to use § 2241, however, he would still face an additional hurdle in attempting to raise his claims here. As the Third Circuit previously explained to him, while § 2255 claims must be brought in the sentencing court, the District of New Jersey, a "safety valve" § 2241 petition must be filed "in the district of confinement." *Rodriguez*, 645 F. App'x at 112. Thus, even if he could bring his claims pursuant to § 2241, this Court would have no jurisdiction to consider them, and Petitioner's habeas claims would be subject to dismissal for lack of jurisdiction for that reason as well. Ultimately, whether brought pursuant to § 2255 or § 2241, this Court has no jurisdiction to consider Petitioner's habeas claims, and will therefore dismiss them.[2]

### III. CONCLUSION

For the reasons stated above, Petitioner's petition, (ECF No. 1), will be dismissed without

---

[2] This Court is cognizant of the fact that it does have the authority to transfer Petitioner's habeas claims to either the Third Circuit for authorization to file a second or successive petition, or to the district of confinement to the extent his claims are properly brought under § 2241, if to do so would be "in the interest of justice." 28 U.S.C. § 1631. Because this Court concludes that Petitioner's claims are not properly brought under § 2241, a transfer to the district of confinement is not in the interests of justice. Likewise, because Petitioner does not base his claims on "clear and convincing [newly discovered] evidence" sufficient to show that "no reasonable factfinder" could have found him guilty, or a new rule of constitutional law made retroactive to collateral review cases, he has not even presented a prima facie case sufficient to satisfy the §§ 2244 and 2255(h) standards which govern the authorization of a successive motion to vacate and "there [is therefore] no reason for the District Court to transfer" Petitioner's motion to the Court of Appeals. 28 U.S.C. § 2255(h); *Hawkins*, 614 F. App'x at 582. Petitioner's habeas claims shall thus be dismissed as it is not in the interests of justice that they be transferred.

prejudice. An appropriate Order follows.

JOSE L. LINARES,
Chief Judge, United States District Court